15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bruce G. HARRISON, Plaintiff-Appellant,
v.
U.S. CUSTOMS SERVICE, Department of the Treasury; Nicholas
F. Brady, in his capacity as Secretary of the
Treasury; United States of America,
Defendant-Appellee.
 No. 92-17069.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Dec. 7, 1993.
As Amended Feb. 15, 1994.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 A. Discriminatory Discharge Claim
 
 2
 The district court correctly required Bruce Harrison (Harrison) to fulfill the prima facie case established by this court in Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1075 (9th Cir.1986). An essential element of this prima facie case is that the Service sought a replacement with qualifications similar to Harrison. Id. Harrison argues this element is illogical, but he does not offer any authority to support the application of different elements. The Supreme Court has recently approved a prima facie case for discriminatory discharge which includes a replacement requirement. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993). We affirm the district court's requirement that Harrison fulfill the Sengupta prima facie case. Because Harrison argues that he has met the replacement requirement by showing that positions he previously transferred from were filled. A court may consider a prior position for replacement purposes when a plaintiff alleges a discriminatory change of position prior to a discriminatory termination. See Hicks v. St. Mary's Honor Center, 756 F.Suppl 1244, 1245, 1249 (E.D.Mo. 1991), rev'd on other grounds, 970 F.2d 487 (8th Cir. 1992), rev'd on other grounds, 113 S.Ct. 2742 (1993). However, Harrison filed a complaint alleging only a discriminatory termination, not a discriminatory transfer. Therefore, the relevant job to consider for replacement purposes was his final position, a position which no longer exists. Harrison failed to prove an essential element of his case, summary judgment was appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 B. Merit System Protection Board Order
 
 3
 Harrison challenged the Administrative Judge's (AJ) finding that his conduct in leaving his assigned surveillance post without authorization constituted misconduct. The district court's affirmance of the AJ's finding of misconduct was supported by substantial, credible evidence. See Morales v. Merit Sys. Protection Bd., 932 F.2d 800, 802 (9th Cir.1991). It is undisputed that during the surveillance incident, Harrison left the site at approximately 1:00 p.m., later returned only briefly, and then left again for the remainder of his shift. The AJ found the testimony of Harrison's immediate supervisors credible; according to them, authorization was required for extended periods of relief, and Harrison never obtained authorization. The district court was required to accept the credibility findings of the AJ unless they were inherently improbable or discredited. Brown v. United States Postal Serv., 860 F.2d 884, 887 (9th Cir.1988) (determining credibility of the witnesses is within the discretion of the presiding official); Carosella v. United States Postal Serv., 816 F.2d 638, 641 (Fed.Cir.1987) (reviewing court may overturn a credibility finding only if it is " 'inherently improbable or discredited by undisputed fact or physical evidence' "). Nothing in the record indicates the AJ's finding of misconduct was inherently improbable or discredited.
 
 
 4
 Harrison's argument that the district court's grant of summary judgment denied him adequate judicial review under Sec. 7703(c) is without merit. Summary judgment rules apply to complaints alleging Title VII violations. See Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir.1987), cert. denied, 498 U.S. 939 (1990).
 
 C. Retaliatory Discharge Claim
 
 5
 An essential element of the prima face case for retaliation requires that Harrison show "there was a causal link between the protected activity and the employer's action." Id. at 1375. Causation may be inferred from the proximity in time between the protected action and the allegedly retaliatory employment decision. Id. at 1376 (adverse employment actions occurring no more than three months after the plaintiff's protected activities are proximate). The district court held that Harrison's Equal Employment Opportunity (EEO) activities and his termination were not proximate because almost fourteen months had passed after Harrison's most recent protected EEO activities occurring on January 9, 1986, and his termination on April 1, 1988. The finding that Harrison failed to prove a causal link between his protected EEO activities and his termination was not clearly erroneous, and we will not set it aside. Fed.R.Civ.P. 52(a); Unt v. Aerospace Corp., 765 F.2d 1440, 1444 (9th Cir.1985).
 
 
 6
 Evidence of Harrison's pattern of misconduct and deficiencies is voluminous. On several occasions, Harrison used abusive, insulting and offensive language. Also, he frequently was insubordinate and discourteous in performing his duties. The fact that Harrison engaged in EEO activities does not protect him from being discharged for failure to perform his duties and comply with the Service's rules and orders. "An employee is not protected by Title VII when he violates legitimate company rules, knowingly disobeys company orders, and disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals." Unt, 765 F.2d at 1446. The district court's findings of fact demonstrate the Service did not fire Harrison in retaliation for his EEO activities, but in response to his misconduct. These findings are not clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3